**GOTTLIEB CONTRACTING, INC.,**
**Plaintiff,**

v.

**UNITED STATES of America,**
**Defendant.**

**No. 62 C 674.**

United States District Court
E. D. New York.

June 18, 1965.

Nelson Rosenbaum, New York City, for plaintiff.

Joseph P. Hoey, U. S. Atty., Eastern District of New York, for defendant, Quentin H. Vaughan, Asst. U. S. Atty., of counsel.

BRUCHHAUSEN, District Judge.

Both parties move for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

The plaintiff entered into a contract with the defendant to install dryer wall vents to family quarters in a structure at Manhattan Beach, New York. The contract specifications and drawings called for the installation of a dryer electrical outlet in each of the 72 residential units. The drawings showed the location of the dryer outlet for each residential unit. Neither the specifications nor the drawings contained any reference to a dryer vent except the following general note:

"7. Dryer wall vents shall be installed near the dryer electrical outlet. The vent shall be a 4″ aluminum construction and approved by the contracting officer."

The plaintiff interpreted this specification to mean that the exhaust vents were to be installed on the inside wall of the unit where the electrical outlet was situated. This contention was rejected by the contracting officer who interpreted the clause to mean that these exhaust vents should be installed on the exterior walls of the buildings as near to the electrical outlets on the interior walls as possible. It is conceded that this interpretation is more expensive. Upon completion of the work, the plaintiff submitted its demand for additional compensation which demand was rejected by the contracting officer, whose decision was affirmed by the Armed Services Board of Contract Appeals. Subsequently this action was commenced to recover additional compensation.

The complaint does not allege any fraud, capriciousness, arbitrary conduct nor bad faith on behalf of the Government.

The Government relies upon the "disputes" provision contained in the standard contract, which reads in pertinent part as follows:

"DISPUTES

" * * *, any dispute concerning a question of fact arising under this contract which is not disposed of by agreement shall be decided by the Contracting Officer, who shall reduce his decision to writing and mail or otherwise furnish a copy thereof to the Contractor. The decision of the Contracting Officer shall be final and conclusive unless, within 30 days from the date of receipt of such copy, the Contractor mails or otherwise furnishes to the Contracting Officer a written appeal addressed to the Secretary. The decision of the Secretary or his duly authorized representative for the determination of such appeals shall be final and conclusive unless determined by a court of competent jurisdiction to have been fraudulent, or capricious, or arbitrary, or so grossly erroneous as necessary to imply bad faith, or not supported by substantial evidence. * * * Pending

final decision of a dispute hereunder, the Contractor shall proceed diligently with the performance of the contract and in accordance with the Contracting Officer's decision."

There is no dispute that the Contracting Officer made his final decision. The court in United States v. Hamden Co-Operative Creamery Co., 2 Cir., 1961, 297 F.2d 130 held in part at page 133:

"Review by the courts is limited to determining whether the decision of the Board is supported by substantial evidence and whether it is free from fraud, caprice, arbitrary conduct, and bad faith. 68 Stat. 81 (1954), 41 U.S.C.A. 321. 'Substantial evidence * * means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Consolidated Edison v. N. L. R. B., 305 U.S. 197, 229, 59 S.Ct. 206, 207, 83 L.Ed. 126 (1938)."

See also Allied Paint & Color Works, Inc. v. United States, 2 Cir., 1962, 309 F.2d 133.

In United States v. Hammer Contracting Corporation, 2 Cir., 1964, 331 F.2d 173, the Court held in part at page 175:

"Consistently since 1878 the Supreme Court has enforced provisions similar to the 'Disputes' clause in this contract. Kihlberg v. United States, 97 U.S. 398, 24 L.Ed. 1106 (1878); United States v. Moorman, 338 U.S. 457, 70 S.Ct. 288, 94 L.Ed. 256 (1950). In Moorman the Court reasoned that 'if parties competent to decide for themselves are to be deprived of the privilege of making such anticipatory provisions for settlement of disputes, this deprivation should come from the legislative branch of government.' (338 U.S. at p. 462, 70 S.Ct. at p. 291, 94 L.Ed. 256.) See also: United States v. Callahan Walker Constr. Co., 317 U.S. 56, 63 S.Ct. 113, 87 L.Ed. 49 (1942). In United States v. Blair, 321 U.S. 730, 735, 64 S.Ct. 820, 823, 88 L.Ed. 1039 (1944) the Court stated: 'Respondent has thus chosen not to follow 'the only avenue for relief,' United States v. Callahan Walker Constr. Co., 317 U.S. 56, 61, 63 S.Ct. 113, 115, 87 L.Ed. 49 [53], available for the settlement of disputes concerning questions arising under this contract.' See also United States v. Joseph A. Holpuch Co., 328 U.S. 234, 66 S.Ct. 1000, 90 L.Ed. 1192 (1946); Annotation, 94 L. Ed. 261. It is not disputed that a final judgment of a contracting officer, or administrative appeal board, may serve as the basis of affirmative relief by the Government as well as a defense to a suit instituted by the contractor. Cf. United States v. Hamden Co-operative Creamery Co., 297 F.2d 130 (2 Cir. 1961); United States v. Smith, 152 F.Supp. 322 (E.D.Pa.1957)."

See also United States v. Carlo Bianchi & Co., Inc., 373 U.S. 709, 83 S.Ct. 1409, 10 L.Ed.2d 652.

The authorities relied upon by the plaintiff are clearly distinguishable and, therefore, not controlling.

Upon careful consideration of the facts and the applicable law, this Court must grant the motion of the defendant and deny the cross-motion of the plaintiff.